IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARY VINSON, | § | |
| | § | |
| Defendant Below, | § | No. 159, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2202007222 (K) |
| | § | |
| Appellee. | § | |

Submitted: May 15, 2024
Decided: July 17, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)     On April 17, 2024, the appellant, Mary Vinson, filed a letter deemed to be a notice of appeal from a Superior Court sentence imposed on February 29, 2024 after Vinson pleaded guilty to multiple crimes on September 26, 2023. Under Supreme Court Rules 6(a)(iii) and 11, a timely notice of appeal would have been filed on or before April 1, 2024.

(2)     The Senior Court Clerk issued a notice directing Vinson to show cause why this appeal should not be dismissed as untimely filed. In her response to the

notice to show cause, Vinson contends that the appeal should not be dismissed as untimely because her former counsel ("Counsel") failed to file a notice of appeal.

(3)     At the Court's request, Counsel and the State responded to Vinson's allegations.  Counsel states that she reviewed Vinson's appellate rights as set forth in the Truth-in-Sentencing Guilty Plea Form with her.  She also states that Vinson never advised her that she wished to file an appeal.  The State argues that the untimeliness of the appeal is not attributable to court-related personnel and must be dismissed.

(4)     Time is a jurisdictional requirement.[1]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period to be effective.[2]  An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(5)     Vinson does not claim that she told Counsel she wished to appeal and has not shown that her failure to file a timely notice of appeal is attributable to court-related personnel.[5]  Because the untimeliness of the appeal is not attributable to

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Carr*, 554 A.2d at 779.
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] *See, e.g., Fleming v. State*, 2024 WL 2737472, at *1 (Del. May 24, 2024) (dismissing untimely direct appeal where the appellant did not argue that his untimely appeal was attributable to court-

2

court-related personnel, this appeal must be dismissed. If Vinson wishes to pursue a claim that Counsel was ineffective for failing to file an appeal, "such a claim must be pursued through a motion for postconviction relief under Superior Court Criminal Rule 61."[6]

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED under Supreme Court Rule 29(b).

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

related personnel or that he told his counsel he wished to appeal); *Scruggs v. State*, 2018 WL 2058187, at *1 (Del. May 1, 2018) (dismissing untimely appeal where the appellant contended that his appeal was untimely because he lacked legal knowledge, his illiteracy made it difficult to request materials from the prison law library through correspondence, and his prison unit had changed).

[6] *Kane v. State*, 2015 WL 4464778, at *1 (Del. July 21, 2015).